IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00170-KDB-SCR

| | |
|---|---|
| **BERNARD S. BAUMEL, et. al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **JONATHAN BARBER, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on "Plaintiffs' Motion to Compel Discovery Response" (Doc. No. 14) as well as the parties' briefs and exhibits (Doc. No. 14-1, 15 and 16).

In this attorney malpractice case, Plaintiffs seek an order compelling Defendants to produce communications arising from the underlying arbitration that is the subject of this action. Defendants contend that communications between themselves and other joint clients in that arbitration are subject to attorney-client privilege. Defendants produced a privilege log.

The Court has carefully reviewed the record and the parties' arguments. Plaintiffs have established that from March 11, 2019[1] through December 7, 2019, Defendants represented them, Great Food and Friends, LLC, GFF Holdings, LLC, and Persona Pizza Holdings, LLC with respect to the underlying arbitration. Plaintiffs seek production of communications from that time period between Defendants and Dave Wood, a member of GFF, Dan Locke, a member of Persona Pizza, and Dennis Leone and Natalie Thomas, other attorneys for GFF. Defendants represented these

---

[1] Plaintiffs seek communications dating from March 6, 2019, when they first communicated with Defendants, but concede that Defendants' formal representation did not begin until March 11, 2019, when they signed an engagement letter.

parties with their written consent that waived any potential conflicts of interest. See Complaint (Doc. No. 1) ¶ 20.

Production of the otherwise privileged communications is proper here because Defendants represented all the underlying parties involved in those communications in the same matter. See Nationwide Mut. Fire Ins. Co. v. Bourlon, 172 N.C. App. 595, 604, 617 S.E.2d 40, 46–47 (2005) ("where two or more persons employ the same attorney to act for them in some business transaction, their communications to him are not ordinarily privileged inter sese"), aff'd, 360 N.C. 356, 625 S.E.2d 779 (2006); see also Carey v. Carey, 108 N.C. 267, 12 S.E. 1038 (1891) (noting that the privilege rule does not apply to communications between parties and a joint attorney).

In a comment to Rule 1.7 Conflict of Interest: Current Client, the North Carolina State Bar notes:

> A particularly important factor in determining the appropriateness of common representation is the effect on client-lawyer confidentiality and the attorney-client privilege. With regard to the attorney-client privilege, the prevailing rule is that, as between commonly represented clients, the privilege does not attach. Hence it must be assumed that if litigation eventuates between the clients, the privilege will not protect any such communications, and the clients should be so advised.

N.C.R. Prof. Conduct Rule 1.7 cmt. 30 (emphasis added.)[2]

Defendants incorrectly apply the joint defense and common interest doctrines here. Defendants' reliance on the absence of a joint defense agreement is misplaced. See Friday Investments, LLC v. Bally Total Fitness of the Mid-Atlantic, Inc., 247 N.C. App. 641, 647, 788 S.E.2d 170, 177 (2016), aff'd as modified, 370 N.C. 235, 805 S.E.2d 664 (2017) ("The joint defense doctrine extends attorney client privilege to these relationships [with third parties] which serves to protect the confidentiality of communications passing from one party to the attorney for

---

[2] Defendants have not argued nor submitted any evidence establishing that there was an agreement between the jointly represented parties that Defendants would keep certain information confidential as between those parties. See N.C.R. Prof. 1.7 cmt. 31.

<u>another party</u> where a joint defense effort or strategy has been decided upon and undertaken by the <u>parties and their respective counsel</u>.") (emphasis added). <u>See also</u> <u>In re Grand Jury Subpoenas</u>, 902 F.2d 244, 249 (4th Cir.1990) ("persons who share a common interest in litigation should be able to communicate <u>with their respective attorneys</u> and with each other to more effectively prosecute or defend their claims") (emphasis added). Here, the Court is addressing a legal malpractice suit where the <u>same</u> attorney represented multiple parties with respect to the <u>same</u> matter, giving rise to a common representation and applicable principles. Joint defense and common interest doctrines are distinguishable, and Defendants do not explain why basic joint representation principles are inapplicable here.

For those and the other reasons stated in Plaintiffs' briefs, the Court will <u>grant</u> the Motion to Compel as to communications dating from the period Defendants represented Plaintiffs.

**NOW IT IS HEREBY ORDERED that:**

1. "Plaintiffs' Motion to Compel Discovery Response" (Doc. No. 14) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, on or before May 2, 2023, Defendants shall produce all previously withheld communications between Defendants and the other joint clients in the underlying arbitration, identified in their privilege log as communications with Dave Wood, Dan Locke, Dennis Leone and/or Natalie Thomas, and dating between March 11, 2019, through December 7, 2019.

2. The parties shall pay their own costs at this time.

3. The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel and to the Honorable Kenneth Bell.

**SO ORDERED**.   Signed: April 24, 2023

Susan C. Rodriguez
United States Magistrate Judge