IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00170-KDB-SCR

| | |
|---|---|
| BERNARD S. BAUMEL AND JOSEPH BAUMEL, <br><br> Plaintiffs, <br><br> v. <br><br> BARBER POWER LAW GROUP, PLLC; AND JONATHAN BARBER, <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants Jonathan Barber and Barber Power Law Group, PLLC d/b/a Franchise Law's Motion for Summary Judgment, (Doc. No. 18), which Plaintiffs oppose. The Court has carefully considered this motion, the parties' briefs and exhibits, and other relevant pleadings of record. As discussed below, the Court finds that there are genuinely disputed issues of material facts with respect to Plaintiffs' claim that Barber was negligent in his legal representation of Plaintiffs. Therefore, the Court will **DENY** the motion.

### I. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,*

1

*Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land,* 36 F.4th at 252. "A fact is material if it might affect the outcome of the suit under the governing law." *Id.*, (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022). If the movant satisfies his initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land,* 36 F.4th at 252, quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). Rather, the nonmoving party must establish that a material fact is genuinely disputed by, *inter alia*, "citing to particular parts of the materials of record" and cannot rely only on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Fed. R. Civ. P. 56(c)(1)(A); *8.929 Acres of Land,* 36 F.4th at 252, quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

Still, summary judgment is not intended to be a substitute for a trial of the facts. *Anderson*, 477 U.S. at 249. In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the

evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)).

In the end, the relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## II. FACTUAL BACKGROUND

This legal malpractice action arises out of Jonathan Barber's legal representation of Bernard and Joseph Baumel in an arbitration proceeding. The underlying arbitration related to a dispute over franchise agreements between Persona Pizza Holdings, LLC, and Simpli-Fresh Concepts, LLC. Persona Pizza was originally owned by the Baumels along with a third owner, Glenn Cybulski. In 2015 and 2017 Persona Pizza and Simpli-Fresh executed two franchise agreements, each of which contained dispute resolution procedures requiring Persona Pizza and Simpli-Fresh to arbitrate any claims arising out of the agreements. The Baumels never signed the arbitration agreements in their individual capacities. In February 2017, Great Food and Friends Holdings, LLC ("GFF") entered into an agreement with Persona Pizza to acquire all the assets of the company, including the two franchise agreements with Simpli-Fresh. In July 2018 Simpli-Fresh closed both Persona Pizza locations.

GFF retained Barber to represent it in an action against Simpli-Fresh, alleging that Simpli-Fresh breached the franchise agreements it had signed with Persona Pizza. After Barber initiated

3

the arbitration, Simpli-Fresh counterclaimed, naming the Baumels as third-party defendants. Barber then offered to represent the Baumels, and they agreed. As the Baumels' attorney, Barber allegedly failed to timely raise several legal arguments, including failing to assert lack of jurisdiction, failing to apply the correct choice of law, and failing to communicate existing conflicts of interest. After Barber's alleged failure to raise these arguments, the Arbitrator issued an order finding, inter alia, that he had authority to exercise jurisdiction over the Baumels. The Baumels contend that but for Barber's negligence, the Arbitrator would have found otherwise and released them from any arbitration proceedings as non-signatories to the arbitration agreement.

On December 7, 2019, the Baumels replaced Barber with separate counsel. Through their new counsel, the Baumels' filed multiple motions, including a motion for summary judgment, a motion to reconsider prior rulings on jurisdiction and summary judgment, and a motion to stay arbitration or dismiss. In these motions, the Baumels argued, in part, that they should not be subject to the arbitration proceedings. However, the Arbitrator found that the Baumels' arguments as to the lack of jurisdiction as well as choice of law had been waived. The Arbitrator stated that if some of the Baumel's jurisdictional arguments had been made earlier, he may have found in their favor. In the end, the Baumels entered into a settlement agreement with Simpli-Fresh and were dismissed from the action. This action, in which the Baumels seek damages for Barber's alleged legal malpractice followed.

### III. DISCUSSION

To prove a legal malpractice claim, a plaintiff has the burden of proving by the greater weight of the evidence that: (1) the attorney breached the duties owed to his client, and that this negligence (2) proximately caused (3) damage to the plaintiff. *Bryant/Sutphin Properties, LLC v. Hale*, 233 N.C. App. 598, 758 S.E.2d 902 (2024). Negligence in legal malpractice claims is

4

shown when a client is suffers damages because their attorney lacked the degree of knowledge and skill ordinarily possessed by similarly situated attorneys, or failed to exercise reasonable care, and diligence, or good faith in the representation of his client. *Hodges v. Carter*, 239 N.C. 517, 520, 80 S.E.2d 144, 146 (1954). To show causation, a "plaintiff must establish that the loss they suffered would not have occurred but for the attorney's conduct." *Rorrer v. Cook*, 313 N.C. 338, 361, 329 S.E.2d 355, 369.

Mindful of the governing rule that "[w]hen ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party," *Jones v. Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 276 (W.D.N.C. 2019), the Court agrees with Plaintiffs that their malpractice claim survives summary judgment. The Plaintiffs have forecast sufficient evidence from which a reasonable jury could find that Defendant was negligent and that his negligence caused Plaintiffs to suffer damages. Plaintiffs have forecast evidence, including expert testimony, that Defendant's failure to timely assert their jurisdictional defense, raise relevant choice of law arguments, and disclose a potential conflict of interest caused the Plaintiffs to wrongly be subject to, and ultimately settle, an arbitration proceeding. *See* Doc. Nos. 20-7, 20-8, 20-11, 20-12  The Defendant maintains that he was not negligent in failing to raise these arguments and that the Plaintiffs intended to submit to the jurisdiction of the Arbitrator. At trial, the jury may believe the Defendant's version of events. However, the Plaintiffs have clearly established that a rational jury could, but need not, find for them on the issue of the Defendant's negligence.

Likewise, the Defendant's argument that the Plaintiffs cannot establish causation misses the mark. Plaintiffs point to multiple statements from the Arbitrator that if Defendant had timely raised the relevant arguments earlier that he may have ruled differently. *See* Doc. Nos. 20 at 17,

5

20-11. Plaintiffs have also offered expert testimony that the Defendant's negligence caused Plaintiffs to incur unnecessary legal fees. *See* Doc. No. 20-12 at 3-5. Accordingly, the Plaintiffs have presented sufficient evidence to survive summary judgment on the issue of causation.[1]

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion for Summary Judgment (Doc. No. 18) is **DENIED**; and

2. This case shall proceed to trial on the merits on the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 28, 2023

Kenneth D. Bell
United States District Judge

---

[1] While it is unclear whether the Plaintiffs can show all the sought-after damages were caused by the Defendants' negligence, it is clear that a rational jury could find they suffered *some* damage because of the Defendants' alleged negligence. That said, how much damage is a question for the jury.