| | |
|---|---|
| BERNARD S. BAUMEL<br>JOSEPH BAUMEL,<br><br>    Plaintiffs,<br><br>    v.<br><br>BARBER POWER LAW GROUP,<br>PLLC AND JONATHAN<br>BARBER,<br><br>    Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants Barber Power Law Group PLLC and Jonathan Barber's (collectively, "Barber") Motions in Limine (Doc. No. 26). Barber's "omnibus" motion contains eleven discrete motions in limine; however, based on the parties' briefing only a few still remain in any dispute. Plaintiffs do not oppose motions in limine 3, 5, 6, 7, 8, 9 and 11, which are **GRANTED**.[1]  For the reasons discussed below, the Court will in part **GRANT** and in part **DENY** the remaining motions 1, 2, 4 and 10.

## I.     LEGAL STANDARD

"The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the [factfinder] will consider." *Moke Am. LLC v. Am. Custom Golf Cars, Inc.*, No.

---

[1] In their response, Plaintiffs do not discuss Motion in Limine No. 6, which asks the Court to prohibit Plaintiff from asking potential jurors about the award of specific amounts of money during voir dire. It appears that Plaintiffs' failure to specifically list this motion among the ones they don't challenge was simply an oversight.

1

3:20CV400, 2023 WL 3686963, at *1 (E.D. Va. Jan. 11, 2023). These motions help to streamline a case by allowing a court to avoid "lengthy argument at, or interruption of, the trial." *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987); *see also Changzhou Kaidi Elec. Co., Ltd. v. Okin Am., Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) ("[Motions in limine] are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013))). Because "[q]uestions of trial management are quintessentially the province of the district courts," *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006), the district court has "broad discretion" to grant or deny motions in limine. *Kauffman v. Park Place Hosp. Grp*., 468 F. App'x 220, 222 (4th Cir. 2012); *US Wind Inc. v. InterMoor, Inc.*, 640 F. Supp. 3d 390 (D. Md. 2022).

## II. FACTS AND PROCEDURAL HISTORY

This legal malpractice action arises out of Jonathan Barber's legal representation of Bernard and Joseph Baumel in an arbitration proceeding. The underlying arbitration related to a dispute over franchise agreements between Persona Pizza Holdings, LLC, and Simpli-Fresh Concepts, LLC. Persona Pizza was originally owned by the Baumels along with a third owner, Glenn Cybulski. In 2015 and 2017 Persona Pizza and Simpli-Fresh executed two franchise agreements, each of which contained dispute resolution procedures requiring Persona Pizza and Simpli-Fresh to arbitrate any claims arising out of the agreements. The Baumels never signed the arbitration agreements in their individual capacities. In February 2017, Great Food and Friends Holdings, LLC ("GFF") entered into an agreement with Persona Pizza to acquire all the assets of the company, including the two franchise agreements with Simpli-Fresh. In July 2018 Simpli-Fresh closed both Persona Pizza locations.

2

GFF retained Barber to represent it in an action against Simpli-Fresh, alleging that Simpli-Fresh breached the franchise agreements it had signed with Persona Pizza. After Barber initiated the arbitration, Simpli-Fresh counterclaimed, naming the Baumels as third-party defendants. Barber then offered to represent the Baumels, and they agreed. As the Baumels' attorney, Barber allegedly failed to communicate existing conflicts of interest related to his co-client GFF and to timely raise several legal arguments, including failing to assert lack of jurisdiction and not arguing for the application of more favorable Delaware law. After Barber's alleged failure to raise these arguments, the Arbitrator issued an order finding, *inter alia*, that he had authority to exercise jurisdiction over the Baumels and "pierced the corporate veil" to subject them to potential personal liability. The Baumels contend that but for Barber's negligence, the Arbitrator would have found otherwise and released them from any arbitration proceedings as non-signatories to the arbitration agreement.

In December 2019, the Baumels replaced Barber with different counsel. Through their new counsel, the Baumels' filed multiple motions, including a motion for summary judgment, a motion to reconsider prior rulings on jurisdiction and summary judgment, and a motion to stay arbitration or dismiss. In these motions, the Baumels argued, in part, that they should not be subject to the arbitration proceedings. However, in his detailed written orders deciding the motions, the Arbitrator found that the Baumels' arguments as to the lack of jurisdiction as well as choice of law had been waived. The Arbitrator also stated that if some of the Baumel's jurisdictional arguments had been made earlier, he may have found in their favor. In the end, the Baumels entered into a settlement agreement with Simpli-Fresh and were dismissed from the arbitration, which has now been resolved as to all parties. This action, in which the Baumels seek damages for Barber's alleged legal malpractice, followed.

3

### III.    DISCUSSION

Motion in Limine No. 1

In their first motion in limine, Defendants ask the Court to exclude any testimony or evidence related to the findings, orders or rulings of the arbitrator in the underlying arbitration. Defendants contend that this evidence is inadmissible hearsay. Plaintiffs respond that the rulings of the arbitrator are not hearsay and the motion should be denied. The Court agrees with the Plaintiffs. Hearsay is defined as an out-of-court statement made to "prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Here, Plaintiffs do not intend to offer the Orders to prove that the arbitrator's opinions and findings in the underlying arbitration are true, i.e., correct. (Indeed, Plaintiffs contend that the Arbitrator erred and should have ruled in their favor). Instead, the evidence will be offered to establish what happened during the arbitration proceedings, which are the circumstances from which the jury must determine whether or not Defendants committed legal malpractice. The rulings of the arbitrator, including his statements as to how his rulings would have been different had various arguments been made earlier, are a fundamental part of that story.  Therefore, the evidence is not hearsay under Rule 801.[2]

Alternatively, even if the arbitrator's rulings were considered excludable hearsay, the Court finds that they could be admitted pursuant to Federal Rule of Evidence 807, the residual hearsay exception. Rule 807 was amended in 2019 and provides in relevant part:

> (a) In General. Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:

---

[2] Defendants argue that "judicial findings of fact" are inadmissible as hearsay. While this may be true (depending on the circumstances), the arbitrator's rulings sought to be admitted in this case are not "factual findings." Rather, they are the legal conclusions of the arbitrator. And, again, Plaintiffs are not asking the jury to determine whether or not those rulings were correct. Rather, they are using them to show the course of the arbitration proceedings and how they contend they were harmed by Defendants' allegedly negligent legal work.

4

Case 3:22-cv-00170-GCM-SCR   Document 32   Filed 09/18/23   Page 4 of 8

(1) the statement is supported by sufficient guarantees of trustworthiness-- after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and

(2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807(a).

The residual hearsay rule is a catchall provision to allow the admission of statements that do not fall within a specific hearsay exception, yet carry equivalent guarantees of trustworthiness. *See United States v. Dunford,* 148 F.3d 385, 393 (4th Cir.1998). "The hallmark of Federal Rule of Evidence 807 is that the hearsay statement sought to be admitted is trustworthy." *United States v. Lucas*, 836 F. App'x 142, 145 (4th Cir. 2020). In determining the applicability of the residual exception, a court may consider factors such as the circumstantial guarantees of trustworthiness surrounding the statement; whether the statement relates to a material fact; whether the statement is the most probative evidence on the point; and whether the interest of justice is served by the statement's admittance, among others. *See United States v. Lentz*, 282 F. Supp. 2d 399, 425 (E.D. Va. 2002), aff'd, 58 F. App'x 961 (4th Cir. 2003).

While the residual exception is "meant to be invoked sparingly," *City of Huntington v. AmerisourceBergen Drug Corp.*, 535 F. Supp. 3d 542, 546–47 (S.D.W. Va. 2021), it is appropriate to do so here. There are substantial guarantees of trustworthiness associated with the evidence Defendants seek to exclude. The Arbitrator's challenged statements were all made as part of formal written rulings in the arbitration, not "comments in the hallway" or even oral statements made by the Arbitrator during a hearing. Therefore, the Court can fairly assume that the Arbitrator took care in preparing his rulings (which are lengthy and detailed) and that those rulings accurately reflect his views of what he believed was the appropriate ruling under the circumstances, including how the ruling would change under different circumstances. Further, the statements Plaintiff seeks to

introduce are material and go directly to a core question in this action – would the arbitration have turned out differently if Defendants had represented Plaintiffs differently? Moreover, the statements appear to be probative evidence on these points.[3] Finally, the Court finds that the interest of justice is best served by the statement's admittance. Hiding the statements from the jury would deny them the full story of what occurred during the arbitration (including evidence of how an arbitrator might have otherwise resolved the matter), thereby limiting their search for the truth.

Therefore, the Court will deny Defendants' first motion in limine.[4]

Motion in Limine No. 2

Defendants' second motion in limine is derivative of its first motion; that is, they ask the Court to prohibit Plaintiff's legal expert witness from relying on the Arbitrator's "inadmissible hearsay" in his testimony, arguing that the expert cannot be a conduit for presenting improper evidence. The Court concludes this motion should also be denied.

In addition to the fact that the challenged rulings / statements are not hearsay or would be admissible under Rule 807 as discussed above, an expert may consider otherwise inadmissible hearsay in formulating his opinions "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." *See* Fed. R. Evid. 703. Moreover, an expert is entitled to rely on hearsay evidence if it is "of a type reasonably relied upon by experts

---

[3] To be clear, the Court's ruling on this motion does not preclude any party from calling the arbitrator as a witness to further explore these issues or presenting other evidence relevant to the question of what the arbitrator would/should have done had Defendants handled the representation differently.

[4] In their reply, Defendants suggest that allowing this testimony to be presented would lead to "inefficiency" and "confusion" because other portions of the Arbitrator's rulings will need to be introduced into evidence. The Court finds these concerns are exaggerated. Again, both sides will be permitted an appropriate and efficient opportunity to present all relevant evidence from the Arbitrator's rulings (most likely during their respective cases except as required for "fairness" under Rule 106).

in the particular field in forming opinions or inferences upon the subject." *Id.* As discussed above, under these circumstances, the evidence of the arbitrator's rulings not only will help the jury evaluate the expert's opinion, but the opinion as to whether Defendants were negligent could hardly be fully formulated or expressed without reference to all the relevant evidence of what was said and occurred at the Arbitration. Therefore, Plaintiff's expert may rely on the Arbitrator's rulings and statements in expressing his opinions, and Defendants' second motion in limine will be denied.

Motion in Limine No. 4

Defendants' Motion in Limine No. 4 asks the Court to exclude evidence related to settlement discussions pursuant to Fed. R. Evid. 408. Plaintiffs do not dispute Defendants' motion to the extent it applies only to evidence of the Parties' settlement discussions in this action. However, Plaintiffs ask the Court to deny the motion to the extent Defendants ask the Court to prohibit them from introducing evidence related to their settlement of the underlying arbitration as part of their damages evidence.[5] The Court agrees that such evidence of other settlement discussions – which is not being offered to prove the validity of Plaintiffs' claims or Defendants' view of the amount of the claims – does not violate Rule 408 and should be admitted. Therefore, the Court will grant Defendants' fourth motion in limine, but only to the extent that it relates to settlement discussions among the Parties to this action.

Motion in Limine No. 10

The final motion in limine in dispute is Defendants' request that Plaintiffs not refer to Defendants' "socioeconomic" status during the trial. In response, Plaintiffs do not oppose the

---

[5] Defendants did not include any argument objecting to this request or responding to this issue in their reply.
7

motion, but rather ask that the Court prohibit both sides from making such arguments. In reply, Defendants argue that the financial status of the Plaintiffs was at issue in the underlying arbitration and therefore is relevant to this action. However, no specific question or proposed testimony has been proffered from which the Court can determine its relevance. Therefore, the Court will defer its ruling on this motion until trial, where it can rule on any objections to particular questions / testimony with respect to both parties' "socioeconomic status."

## IV.  ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motions in Limine (Doc. No. 26) are **GRANTED** in part and **DENIED** in part as described above; and

2. This case shall proceed to a jury trial on the merits on the Plaintiffs' claims beginning at 9:30 a.m. on October 2, 2023, in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 18, 2023

Graham C. Mullen
United States District Judge